RUTH WRIGHT *v.* EDWIN R. V. WRIGHT.

A bill for dower, among the pretences of the defendant, set out a decree for divorce
obtained by the husband, in his lifetime; and the bill alleged that that decree was
fraudulently procured, and set out the facts on which the allegation of fraud was
founded; and prayed dower, and that that decree be declared void. On demurrer,
the bill was held good.

The bill contained no prayer for process, nor was it signed by counsel. The demurrer
was allowed as to these defects.

On the 2d of October, 1847, Ruth Wright exhibited her bill,
stating, that in and before October, 1828, she was living in the
city of New York, and on the 30th of that month was lawfully
married, in said city of New York, to Asa Wright, then residing
in the township and county of Bergen, in this State. That after
the marriage she removed to the residence of her said husband,
and resided with him several years, when, in consequence of un-
kind and cruel treatment on the part of her said husband, she
was compelled to abandon his residence, and she returned to the
city of New York, where she has ever since resided and still
lives.

That on or about the —— day of —— 1846, the said Asa
Wright died, intestate, as she is informed and believes. That
to the time of his death he continued to reside in the township of
Bergen aforesaid, in this State ; and that he died possessed of a
large personal estate in said township of Bergen, which is now
in the county of Hudson, in this State, and seized and possessed
of a large real estate in the counties of Hudson and Bergen, in
this State, leaving Edwin R. V. Wright his son and only heir-
at-law, to whom the said real estate descended, subject, never-
theless, to the right of dower of the complainant in and to the
same.

That she is not able to specify with accuracy the real estate
of which the said Asa was seized during the coverture, and at
the time of his death. That he was, among others, possessed or
seized of many lots or parcels of land in Hoboken, of great value,
and on some of which were valuable improvements, and also of

sevveral lots and premises in Jersey City, of great value, and of several other lots in the said counties of Hudson and Bergen.

That she is informed, and believes it to be true, that at or after said marriage, and before the death of the said Asa, he the said Asa was seized in fee, or of some other freehold estate, of lands in which the complainant was and is entitled to dower; among others, of the following described lots, tracts or parcels of land, (describing fourteen different tracts.)

That by reason of her marriage as aforesaid she became entitled, on the death of the said Asa, to her dower in all the real estate whereof the said Asa, or any other to his use, was seized of an estate of inheritance at any time during the coverture, and became entitled as against the said E. R. V. Wright to her dower in all the real estate of which the said Asa, or any other to his use, was seized of an estate of inheritance at the time of the death of the said Asa, and which descended to the said Edwin as his son and heir-at-law. But that the said Edwin hath not, nor hath any person in his behalf, or any other person, assigned or set off to the complainant her lawful dower in the said premises, or any part thereof, or accounted to her for the one-third part of the rents and profits of the said real estate, or any part thereof, since the death of the said Asa.

That she hath frequently applied, in a friendly manner, to the said Edwin &c. ; and she hoped &c.

That the said Edwin refuses to comply with such her requests. And he at times pretends, &c., (setting out pretences.)   And at other times the said Edwin pretends, that although the complainant was at one time the wife of the said Asa, she was not at the time of his death, and for some years before, his lawful wife ; but that on or about September 14th, 1840, the said Asa filed his petition in this Court against the complainant, praying a divorce from the bond of matrimony, on the ground of wilful, continued and obstinate desertion of the complainant from the bed and board of the said Asa for more than five years ; and that thereupon such proceedings were had upon the said petition that, afterwards, on or about the —— day of ————— 1841, it was adjudged and decreed that the complainant be divorced from the bond of matrimony for the cause aforesaid.   Whereas she

charges that, if there are any such proceedings or decree, the same are null and void, for that the said Court had not at the time of entertaining the said proceedings and pronouncing said decree, any right, jurisdiction or authority whatever over the matters of complaint as exhibited in the said petition, or over the complainant as a party defendant thereto; and also that the same are null and void because the complainant had no notice, either actual or legal or constructive, of the said proceedings or decree; and because the said pretended decree was obtained by the said Asa, with the connivance and assistance of the said Edwin, by gross fraud and concealment, and under such circumstances as to render such decree a fraud upon the rights of the complainant, upon the law, and upon this Court, and ought to be held and considered void and inoperative.

And, as evidence of want of jurisdiction in the Court, she charges, that the marriage between her and the said Asa, which the said proceedings were intended to dissolve, was solemnized in the State of New York, and without the jurisdiction of the said Court, and she was, at the time of the commencement of the said suit, and during the progress thereof, and when the said pretended decree was rendered, resident in the State of New York; and that no notice of said proceedings was ever served on or given to the complainant, either personally or otherwise; and that the said decree was made in the absence of the complainant and without any notice to her that such decree was sought or intended.

And, as evidence of the fraud that was practiced upon the complainant and upon the Court in the procurement of the said decree, and of the intentional concealment practiced by the said Asa, with the connivance and assistance of the said Edwin, she charges, that, in and by the act of the Legislature which authorizes a petition to be filed for the procurement of a divorce, it is directed and required that, on filing said petition, the clerk of the said Court of Chancery shall, if required, make out a certified copy thereof, to be served on the defendant, and issue a citation, under the seal of the Court, for the defendant to answer the said petition on or before the first day of the next stated term of Court, which citation shall bear date the day of the issuing

thereof, and be tested in the name of the Chancellor ; and that every such citation shall be served, either by delivering to the defendant a copy thereof together with a certified copy of the petition, or by leaving the said copies at his or her dwelling place or usual place of abode, at least twenty entire days before its return.

That, although the petition in the said suit was sworn to on the 17th of March, 1840, and was filed on the 10th of September, 1840, the said citation was not taken out or issued until the 30th of said September, and was made returnable on the second Tuesday of October then next; so that, if the process and copy of the petition were placed in the hands of the sheriff or other legal officer on the day the process bears date, there was not time sufficient for a legal service of it. And she charges that the said citation, for the cause aforesaid, is inoperative and void upon the face of it; and that no copy of the petition was ever annexed to the said citation, which was issued by the solicitor and not by the clerk; and that the time between the date and the return of the said citation was intentionally made short so as to prevent the usual and proper inquiry, and that no knowledge of the said proceedings might reach the complainant.

And, as a further evidence of the fraud which was practised upon the complainant and upon this Court, she charges, that the affidavit of the non-residence of this complainant, endorsed on the said citation, was made at Jersey City on the 19th of October, 1840, which was a week after the commencement of the term to which the said citation was returnable; and it does not appear that the sheriff, or other person returning the said citation, had the process in his hands to serve at any time before the second Tuesday of October, when the same was returnable.

And, as a further evidence of fraud in the said proceedings and in the procurement of the said decree, she charges, that the said process of citation was never placed in the hands of the sheriff of Hudson, or the coroners thereof, or of the sheriff or coroners of any other county in the State, to be served and executed ; and that the affidavit of the non-residence of this complainant is made by said Edwin ; and that the said process was delivered by the solicitor in the cause to the said Edwin to be served, or that

the said Edwin procured the same by his permission, but the more effectually to conceal the said proceeding, the said process was never delivered to any sworn or proper officer, or to any proper officer of this Court; and that the same was returned to the office of the clerk of this Court by the said Edwin at his own convenience, without any return whatever endorsed upon it.

And, as a further evidence of fraud and concealment in the procurement of the said decree, she charges, that the said citation was retained in the hands and possession of the said Edwin, or of some other person or persons by his direction, for more than six weeks after it was returnable, and was not returned and filed in the office of the clerk of this Court until November 25, 1840; and she charges, that the same was retained, and not filed of record until the term was past, expressly for the purpose of concealing the fact that such process had issued, or that any such suit was pending, from the notice and observation of the solicitors and counsel of this Court, who are in the habit of examining, in term time and during the regular sessions of the Court, the returns of process made to the several terms, respectively, and especially from the notice of the solicitor of the complainant, who had in charge, as the said Edwin then well knew, the defence of this complainant in another cause which had, some time before, been brought in this Court by the said Asa Wright for a divorce from this complainant; and which the said Edwin well knew was then pending and undetermined.

And, as a further evidence of fraud and concealment in the procurement of the said decree, she charges that, on the day the said citation was filed as aforesaid, the said Asa Wright, the petitioner, or the said Edwin, his agent, or the solicitor of the said Asa Wright, procured an order of this Court requiring this complainant, as an absent defendant, to appear on or before the next stated term of the Court to answer the said petition; in which order it was directed, that a copy of the said order be published, within twenty days after the date of said order, in the Jersey City Advertiser, for the space of four weeks successively, at least once in every week, or that the same be personally served on this complainant, by delivering a copy thereof to her or by leaving it at her usual place of abode within twenty days from the

date of the said order. And she charges, that the said order was not in accordance with the requirements of the law; that the same is uncertain as to time, and that there were not two months intervening between the date of the said order and the first day of the next stated term of the said Court; and she charges that this was made necessary by the fraudulent retaining of the citation, and is an important link in the chain of circumstances which show the fraudulent intention of the said petitioner and his agents; that it is a matter of substance, and not a mere irregularity for which the said decree cannot be impeached.

And, as a further evidence of the fraud practised on the Court and the complainant in this behalf, the said petitioner, concealing from this Court the particular circumstances of the case, and especially, concealing from the Court the fact that the complainant was represented by counsel in another cause then pending in said Court, in which the said Asa was also complainant, procured an order to be made directing a copy to be published for the shortest possible space of time allowed by the law, and only in a newspaper printed in Jersey City, which it was almost certain the complainant would never see.

That the copy of the said order is, as she is informed and believes, inserted in the fourth column of the fourth page of the said newspaper, it being an obscure part of said paper; whereas all the other legal advertisements in said paper are inserted in the third column of the third page of the said paper, and so inserted, with the usual form of heading, as to be conspicuous or easily seen. That the said order was not only inserted in an obscure part of the paper, where such notices would not likely be observed or looked for, but it was so inserted without the usual heading, immediately below and in connection with some doctor's advertisement with a large heading to it, and so as apparently to form a part of the said doctor's advertisement. And she charges that the said order was inserted in that peculiar and fraudulent manner with the knowledge of the said Asa Wright and by the cunning and contrivance and express directions of said Edwin, the son and agent of the said Asa, and for the purpose of concealing from the complainant, if possible, the fact that such suit was pending in this Court, and preventing her from

appearing and making defence against the same as the said Asa
and Edwin well knew she had it in her power to do. And she
charges that the pretended publication of the said order was a
gross fraud upon the law and upon the Court; and that, by the
fraudulent and designing conduct and contrivance of the said
Asa and Edwin, she was deprived of the opportunity afforded her
by the law of defending herself against the false charges set up
against her as the grounds for a divorce. And she further says
that she was totally ignorant of the existence of any such pro-
ceedings during their pendency, and of the decree which is al-
leged to have been obtained against her, and remained entirely
ignorant of the same until some time after the death of the said
Asa Wright.

And, as a further evidence of fraud and concealment in pro-
curing said pretended decree, she charges, that, at the time when
proceedings were first commenced against her in the suit which
resulted in a decree of divorce against her as the said confeder-
ates pretend, there was a suit pending in the said Court between
the said Asa and her, in which the said Asa was complainant,
and in which he sought to obtain a divorce from her on the
ground that she had been unfaithful to her marriage vows. That
she, having fortunately heard that such suit had been commenced
against her, employed Theodore Frelinghuysen, Esq., then a so-
licitor of this Court to file an answer to said Asa's bill and de-
fend her in the said suit. That such answer was filed, denying
all the material allegations of the said bill; and issue was there-
upon joined by the said complainant in that suit. That he,
thereupon, proceeded to take evidence in support of the charges
in his bill, and filed the said evidence in this Court, where the
same now remains; after which no further steps appear to have
been taken in the said cause. That she, being conscious of her
own integrity and innocence, was unwilling to dismiss the com-
plainant's said bill for want of prosecution; but preferred that
the complainant should make further efforts, if he chose, to make
good his charges.

She charges that, under these circumstances, she had a right
to suppose that no further steps could be taken against her with-
out notice to herself or her attorney; and that the prosecution of

the said second suit, and the procurement of a decree without notice, and by concealing from this Court the fact that another cause for the same purpose was pending undetermined in the said Court, was a gross abuse and perversion of the law, a fraud upon the practice and integrity of the Court and the rights of this complainant.

And, as a further evidence of fraud on the part of the said Asa, she charges, that the said Asa well knew, when he filed his said petition in this Court praying a divorce from this complainant on the ground of wilful and obstinate desertion, that the said charge was wholly untrue. He well knew that the answer of this complainant to the bill filed by the said Asa, besides denying the gross and insulting charges therein contained, set out the true reasons of the separation which took place between this complainant and the said Asa, and showed that it was occasioned by the cruel treatment of the said Asa. He knew that his allegations could be promptly met and disproved, and that the answer to them was on the files of this Court; and yet he proceeded against her as an absent defendant, and procured the said pretended decree *ex parte*, fraudulently withholding from the Court important facts in regard to the true situation of the case and of the parties.

And, as a further evidence of fraud in the procurement of the decree she charges, that it is alleged in the decree prepared and signed in the said cause, that the said cause was duly set down for hearing "at the present term;" and the decree is entitled "at a special Court of Chancery held at Trenton on the 19th of November, 1841." And she charges that the said cause was not set down for hearing at any time; and that the same could not be set down and heard at a special term of the said Court; and that, if the same was heard at any special term or time by the consent of the Court, it was on the application of the said complainant, Asa Wright, or the said Edwin; and the said decree was obtained by concealment and imposition.

And she denies the truth of the allegations contained in the petition of the said Asa that she was guilty of wilful and obstinate desertion. On the contrary, she alleges the truth to be,

that after her marriage she continued to reside with her husband until on or about November 8th, 1830, at which time she, admits, she left his residence and went to reside in the city of New York. That she was compelled to leave the residence of her said husband by reason of his cruel treatment of her during almost the whole of the period they resided together. That he would often, in the grossest terms, accuse her of infidelity to her marriage vows, and that without the slightest foundation ; that this course of conduct was pursued and persisted in from time to time, until, satisfied that there was no hope of change, and finding that his whole deportment towards her was that of cruel suspicion and disgraceful crimination, she was compelled to leave his residence, and left the same with his full understanding and knowledge. And she insists that the said pretended decree of divorce is null and void, having been procured by fraud, concealment and imposition, and made without authority or right.

The bill prays a decree for dower, &c. ; and that the said pretended decree against this complainant may be declared inoperative and void ; and that the said defendant may be precluded from setting up the same in bar of the relief sought by this complainant ; and for such other and further relief, &c.

The defendant put in a demurrer to the bill ; and for causes of demurrer showeth, that it appears by the bill that it is exhibited for the purpose, among other things, of setting aside or making void and inoperative a certain decree of this Court, in a certain cause heretofore pending therein, wherein Asa Wright was complainant, and the said Ruth Wright was defendant, dissolving the marriage contract theretofore subsisting between the said Asa and the said Ruth, and divorcing the said Asa from the said Ruth, *a vincubo matrimonii ;* and that the said Asa had departed this life long prior to the commencement of this suit by the said Ruth.

2d. That it appears by the bill, that it is exhibited for the purpose of obtaining, among other things, certain dower or rights of dower claimed by the complainant in certain real estate mentioned in the bill and for an accounting by the defendant with the complainant for the rents and profits of said real estate ; yet

it does not sufficiently appear by the bill that the defendant ever was or that he now is in possession of such real estate or any part thereof.

3d. That it appears by the bill, that it is essential to the complainant's right to exhibit her said bill against the defendant for the purposes and in the manner and form therein stated, that the said bill should allege positively that the defendant is heir-at-law of the said Asa Wright; yet it appears by the said bill that he is shown to be such heir-at-law only upon the information and belief of the complainant.

4th. For that it appears by the said bill, that the same seeks a decree against the said Edwin R. V. Wright; yet it does not appear thereby that any subpena or other process is prayed for therein against the said Edwin R. V. Wright requiring him to appear and answer the said bill.

5th. And, also, for that it appears by the said bill, that the same is not signed by any counsellor of this Court, or of the Supreme Court of this State, in the capacity of counsel.

6th. And, also, for that it appears by the said bill, that the same is exhibited against the said Edwin R. V. Wright for several distinct matters and causes which do not depend on each other; and, by reason of joining such several and distinct matters and causes together in the said bill which do not depend on each other, the said bill is drawn out to a considerable length, and the said Edwin R. V. Wright is compelled to take a copy of the whole thereof; and by reason thereof the pleadings, orders and proceedings will, in the progress of the said suit, be intricate and prolix, and the said Edwin R. V. Wright will, by reason thereof, be put to unnecessary costs, expenses and charges in his defence thereof.

7th. And, also, for that the complainant hath not in and by her said bill made or stated such a case as doth or ought to entitle her to any such discovery or relief as is sought and prayed for, from or against this defendant.

*W. Halsted* in support of the demurrer. He cited 1 *P. W.* 593; 2 *Dickens,* 707; *Story's Eq. Pl.* sec. 790; *Comberb.* 200;

*Story's Eq. Pl.* sec. 409; 5 *Dana,* 194; 3 *John. Ch.* 275; 4 *Ib.* 85.

P. D. *Vroom* contra.   He cited 1 *Scho. & Lef.* 364, 374; 2 P. W. 73; 1 *Bro. Parl. Ca.* 414; *Story's Eq. Pl.* sec. 673, 4, 5, 8, 9; 1 *Hoff. Pr.* 42, 3, 4; *Mitf. Pl.* 43, 241, 302.

THE CHANCELLOR.   It is a bill for dower: this is the substantial relief prayed.   The bill anticipates that a decree for divorce, obtained by the husband, in his lifetime, will be set up as a defence; and asks dower notwithstanding that decree; alleging that it was fraudulently procured, and setting out the facts on which the allegation of fraud is founded.   The complainant might have filed her bill for dower saying nothing of the decree for divorce, and left that to come up in defence.   But I see no objection to framing a bill as this is framed; and I think the defence should be by plea and answer, and not by demurrer.   The grounds of demurrer, therefore, which go to the matter of the bill are not well taken.   As to these, the demurrer will be overruled.

The want of prayer for process, and of signature of counsel, are defects which require amendment.   As to these the demurrer is allowed.

Order accordingly.